IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO EASTERN
DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | CASE NO. 18-CR-472 |
| ) | |
| v. ) | JUDGE DAN A. POLSTER |
| ) | |
| JUSEAN FOSTER, ) | **OPINION AND ORDER** |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Before the Court is Defendant Jusean Foster's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(I) for Immediate Release Due to COVID-19 Circumstances, **Doc ##: 62 and 66**. For the foregoing reasons, Foster's Motion is **DENIED**.

### I. Background

On May 30, 2019, Foster was sentenced to 121 months of imprisonment after pleading guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii). Foster is currently held at FCI Cumberland ("Cumberland") and has a release date of January 8, 2027.[1] On August 21, 2019, Foster filed his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(I). Doc. #: 62. On August 27, 2019, the Court appointed counsel. *Id*. On November 18, 2020, by and through counsel, Foster submitted a supplemental motion for compassionate release. He asks the Court to grant him a compassionate release due to the alleged fact that his medical conditions – hypertension and major depressive disorder – have life-threatening consequences if he were to test positive for COVID-

---

[1] *Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Dec. 16, 2020).

19. *See* Doc. ##: 62, 66. On November 25, 2020, the Government filed a response in opposition. Doc #: 67. Foster had until December 9, 2020 to file a reply but elected not to do so.

## II. Discussion[2]

Under § 3582(c)(1)(A)(i), before granting a sentence modification, a court must find: (A) extraordinary and compelling reasons warrant a sentence modification; (B) the defendant is not a danger to the safety of any other person or the community, and (C) the reduction is appropriate considering the sentencing factors located at 18 U.S.C. § 3553(a). *See United States v. Hardin*, No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at *5 (N.D. Ohio Apr. 7, 2020).

### A. Extraordinary and Compelling Reasons

To determine whether extraordinary and compelling reasons for sentence modification exist, the Court considers whether: (1) the defendant is at high risk of having grave complications should he contract COVID-19, and (2) the prison where the defendant resides has a severe COVID-19 outbreak. *See United States v. Jones*, 2020 U.S. App. LEXIS 36620, at *19 (6th Cir. Nov. 20, 2020) ("district courts have full discretion in the interim to determine whether an "extraordinary and compelling" reason justifies compassionate release...").[3]

Foster, who is 32 years old, only cites hypertension and major depressive disorder to support his claim of extraordinary and compelling reasons warranting a sentence reduction. *See* Doc. #: 66 at 2-3. Hypertension has only been identified by the Centers for Disease Control and Prevention ("CDC") as an underlying medical condition that places adults of any age at *possible*

---

[2] A defendant must satisfy § 3582(c)(1)(A)(i)'s exhaustion requirement before filing a motion for compassionate release. Foster has satisfied the exhaustion requirement.

[3] The Government's arguments are based on policy statements issued by the Sentencing Commission, located at U.S.S.G. 1B.13 and commentary n. 1. *See* Doc. #: 67 at 4-5. As the Sixth Circuit recently held in *Jones*, however, district courts are not bound by and need not consider the U.S.S.G. 1B.13 policy statements in deciding motions for compassionate release filed by criminal defendants. *See United States v. Jones*, No. 20-3701, 2020 U.S. App. LEXIS 36620, at *19 (6th Cir. Nov. 20, 2020) ("Until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion.").

risk for severe illness if they were to contract COVID-19.[4] Major depressive disorder is not currently on the CDC's list as a medical condition that places individuals at an increased or possible risk of severe illness from the virus that causes COVID-19. *Id*. Therefore, while the CDC's list is not exhaustive, the Court is not convinced, nor does Foster provide the Court with any evidence to show, how his health conditions in combination with the risk of COVID-19 would qualify as an extraordinary and compelling reason. However, because Cumberland has 74 active COVID-19 cases[5], the Court will weigh whether the 3553(a) factors favor release.

**B. Danger to the safety of any other person or the community and consideration of the sentencing factors under 18 U.S.C. § 3553(a)[6]**

For a court to grant compassionate release, it must also consider the relevant factors listed in 18 U.S.C. § 3553(a). The § 3553(a) factors include, among other things, the "nature and circumstances of the offense"; the "history and characteristics of the defendant"; and the "need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; . . . to afford adequate deterrence to criminal conduct;... [and] to protect the public from further crimes of the defendant[.]" 18 U.S.C. § 3553(a).

Applied here, Foster has not provided sufficient evidence that the sentencing factors favor his release. Foster merely recites his medical conditions and the risk of illness if he contracts COVID-19 to conclude that the 3553(a) factors warrant his release. *See* Doc. #: 66 at 7-10.

---

[4] People of Any Age with Underlying Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#serious-heart-conditions (visited on December 16, 2020).

[5] As of today, there are 64 active COVID-19 cases amongst the inmate population, and 10 active staff members COVID-19 cases at Cumberland. *See* COVID 19 Coronavirus, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (visited on December 17, 2020).

[6] Due to significant overlap between factors the Court must consider when analyzing a defendant's danger to the community and the § 3553(a) sentencing factors, the Court will address both in one section.

Nonetheless, during Foster's original sentencing, it is clear that the Court balanced the 3553(a) when stating, among other things:

> You have a long criminal history, [], you have two serious fairly recent ones for the kidnapping and whether it was formally drug trafficking or giving someone drugs which caused him or her harm, along with having a gun, [] it's serious and it involves drugs and weapons. And, then, barely a year later, you've got the same thing. And you were trafficking poison into the community. Pure and simple. Ruining lives with people taking that methamphetamine, and just a year after you came out of prison for dealing drugs, [] you had a gun. So, I have to give you a prison sentence that's substantially longer than the ones you've received. The guideline range is 140 months. I find that that is a little longer than necessary and I'm going to vary downward two levels.

*See* Doc. #: 57. Therefore, the Court need not pen a lengthy opinion regarding 3553(a) factors. *See United States*, 2020 U.S. App. LEXIS 36620, at *30 ("Reading the judge's compassionate release decision and the original sentencing hearing transcript together reveals that the district judge carefully considered all relevant § 3553(a) factors.").

On September 13, 2019, the Court sentenced Foster to 121 months of imprisonment, below the applicable guidelines range. *See* Doc. #: 57. The Court finds the fraction of time Foster served in prison is not adequate to achieve much of his original sentence's purpose in terms of reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, and providing a deterrent effect. *See* 18 U.S.C. § 3553(a)(2); *see also United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009) (district courts have "broad discretion to determine what sentence will serve [§ 3553(a)'s] statutory objectives"). Accordingly, upon careful consideration, the Court finds that a reduction in Foster's sentence is not appropriate considering the § 3553(a) factors.

### III. CONCLUSION

For these reasons, Foster's Motion, **Doc ##: 62 and 66**, is **DENIED.**

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster December 17, 2020*